IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THOMAS HOPKINS,** | |
| **Plaintiff,** | |
| v. | Case No. 20-cv-1125-SPM |
| **MACLELLAN INTEGRATED SERVICES, INC.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion to Dismiss First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant, MacLellan Integrated Services, Inc. ("MacLellan"). For the reasons set forth below, the Court DENIES the motion.

## PROCEDURAL BACKGROUND

On October 26, 2020, Thomas Hopkins ("Hopkins") filed a four (4) count complaint against MacLellan alleging the following causes of action: (I) Violation of ADA – Disability Discrimination; (II) Violation of IHRA – Disability Discrimination; (III) Violation of FMLA – Interference; and, (IV) Violation of FMLA - Retaliation (Doc. 1). On December 18, 2020, MacLellan answered the complaint (Doc. 17). On March 25, 2021, after having obtained leave, Hopkins filed his first amended complaint, only alleging Violation of ADA – Discrimination (Doc. 27).

On April 8, 2021, in lieu of an answer, MacLellan filed a Motion to Dismiss for

Failure to State a Claim (Doc. 29). Within the motion, MacLellan asserts that Hopkins did not exhaust his administrative remedies prior to filing this complaint. (*Id.*) Specifically, MacLellan argues that Hopkins originally claimed, in both the EEOC filing and complaint, that he worked without incident until early January 2020, but the first amended complaint indicated that his injuries began on November 13, 2019, more than two months before previously indicated (*Id.*).

On May 3, 2021, Hopkins filed his response to the aforementioned motion to dismiss (Doc. 30). Within his response, Hopkins asserts that the EEOC encompasses the ADA violations, the conduct did not change and that MacLellan is not prejudiced by the allegations in the first amended complaint (*Id.*).

## FACTUAL BACKGROUND

Hopkins was employed by MacLellan from approximately March 1, 2016 until his termination on March 4, 2020 (Doc. 27, ¶ 10). He was the assistant manager in the Nashville, Illinois location and his salary was based upon a forty (40) hour week (*Id.*, ¶¶ 11, 12).

While at work in late 2019, Hopkins experienced a sudden onset of severe back pain and visited the emergency room, where he was told to follow up with Regional Brain & Spine, a medical practice focused on brain and spine injuries (*Id.*, ¶¶ 14, 15). Hopkins advised his supervisor, David Jones, and his regional manager, Scott Cone, of the incident, of the pain he was experiencing, and of his intent to visit Regional Brain and Spine (*Id.*, ¶ 16). Despite this, Jones told Hopkins to "step it up" with the expectation that Hopkins would work fifty (50) to sixty (60) hours per week, and Cone also requested Hopkins continue to work fifty (50) to sixty (60) hours like before

the incident (*Id.,* ¶¶ 17, 19). Hopkins advised that due to his pain and as a form of reasonable accommodation, he was unable to work that many hours and could no longer tolerate working such long periods of time (*Id.,* ¶¶ 18, 19),).

In late January of 2020, Hopkins was diagnosed via MRI with a torn hip labrum, herniated discs and a hip impingement, and was told that surgery was required (*Id.,* ¶ 20). Following his diagnosis, Hopkins advised Jones and Cone of the need for surgery and requested reasonable accommodations of three (3) to eight (8) weeks off for surgery and recovery (*Id.,* ¶ 21). Hopkins continued working with reasonable accommodations until late February of 2020, when his schedule was altered, without his input, to four (4) days per week from five (5) (*Id.,* ¶¶ 23-25). The new schedule required at least ten (10) hour workdays because Hopkins was still expected to put in a full week's worth of time (*Id.,* ¶¶ 24-26). Hopkins was terminated on March 4, 2020 (*Id.,* ¶ 27).

## LEGAL STANDARD

In addressing a motion to dismiss for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must assess whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Khorrami v. Rolince*, 539 F.3d 782, 788 (7th Cir. 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "Plausibility is not a symptom for probability in this context but asks for more than a sheer possibility that a defendant has acted unlawfully." *West Bend Mut. Ins. Co. v. Schumacher,* 844 F.3d 670 (7th Cir. 2016).

The Court of Appeals for the Seventh Circuit has clarified that courts must

approach Rule 12(b)(6) motions by construing the complaint in the light most favorable to the non-moving party, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in the non-moving party's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009), cert. denied, 558 U.S. 1148 (2010) (*quoting Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Under this standard, a plaintiff who seeks to survive a motion to dismiss must "plead some facts that suggest a right of relief that is beyond speculative level." *In re marchFIRST Inc.,* 589 F.3d 901 (7th Cir. 2009).

## ARGUMENT

In order to state a claim for discrimination under the Americans with Disabilities Act ("ADA"), Hopkins must claim that: (1) he is disabled within the meaning of the ADA; (2) he is qualified to perform the essential functions of the job, either with or without a reasonable accommodation; and (3) he suffered from an adverse employment action because of his disability. *Hoppe v. Lewis University,* 692 F.3d 833, 839 (7th Cir.2012), *citing Nese v. Julian Nordic Const. Co.,* 405 F.3d 638, 641 (7th Cir.2005). However, MacLellan does not contest the allegations themselves, instead, the motion to dismiss is predicated upon the differences in the exhaustion at the administrative level and the complaint itself.

**A.   Law**

Under the ADA and Title VII of the Civil Rights Act of 1964, a plaintiff must first meet a number of prerequisites prior to filing a claim in federal court. *See* 42 U.S.C. § 2000e-5(f)(1)(A); 42 U.S.C. § 12117(a). Specifically, a plaintiff must exhaust all administrative remedies by filing an EEOC charge with the appropriate agency.

*Abrego v. Wilkie*, 907 F.3d 1004, 1012 (7th Cir. 2018). Within the charge, a plaintiff must detail the alleged discriminatory conduct within the time allowed by the statute and receive authorization from the EEOC to file a civil action (called a right-to-sue letter). *Connor v. Ill. Dep't Nat. Res.,* 413 F.3d 675, 680 (7th Cir. 2005).

Significant to this Court's consideration, ... the scope of the complaint brought before the administrative agency limits the scope of subsequent civil proceedings in federal court. *Reynolds v. Tangherlini,* 737 F.3d 1093, 1099-1100 (7th Cir. 2013). In other words, a plaintiff filing suit in federal court may bring only those claims that were included in the EEOC charge, or that are "like or reasonably related" to the allegations of the charge and growing out of such allegations. *See Chaidez v. Ford Motor Co.,* 937 F.3d 998, 1004 (7th Cir. 2019).

Claims are "like or reasonably related" when: (1) there is a reasonable relationship between the allegations in the charge and the claims in the complaint; and (2) the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge. *Id.* At a minimum, the charge and complaint must describe the *same* conduct and implicate the *same* individuals. *Id.*

B. Discussion

In the EEOC charge, Hopkins indicates that he worked for MacLellan without incident until early January 2020 (Doc. 27-1). In the complaint, Hopkins indicates that on January 5, 2020, he experienced a sudden onset of severe back pain (Doc. 1, ¶ 33). In the amended complaint, Hopkins now alleges that the sudden onset of pain actually began on November 13, 2019 (Doc. 27, ¶14). That is the main issue of this motion.

Although the initial onset of injury date changed, the same conduct resulted and implicated the same individuals. In the complaint, Hopkins was diagnosed in later January 2020 with a torn hip labrum, herniated discs and a hip impingement, and in both the EEOC charge and amended complaint, the diagnosis was on January 28, 2020, which is later in January 2020 (Doc. 1, ¶ 39; Doc. 27, ¶20; and, Doc. 27-1). Furthermore, in all three "pleadings", Hopkins informed both Jones and Cone at MacLellan of his diagnosis, treatment plan and accommodations request. All three also refer to his termination, albeit varying the date from on or about March 1, 2020 to on or about March 4, 2020.

MacLellan was clearly on notice of the incident from the charge and the complaint, and the minimal changes in the amended complaint the timeline discrepancies will not result in any prejudice.

Finally, a party's failure to exhaust her administrative remedies is an affirmative defense. *Salas v. Wis. Dep't of Corr.,* 493 F.3d 913, 921–22 (7th Cir.2007). Consequently, "[a] complaint may not be dismissed for merely failing to rebut an affirmative defense; 'dismissal is only appropriate if a plaintiff pleads herself out of court by alleging facts that affirmatively establish the defense." *Hucko–Haas v. Bd. of Trs.,* 2008 WL 538909 (N.D.Ill. Feb. 22, 2008).

In the present case, Hopkins has not effectively "plead[ed] himself out of court." To the contrary, he provides sufficient allegations to establish at the Rule 12(b)(6) stage that he fulfilled the preconditions to filing a civil action: (1) Hopkins filed a charge with the EEOC on May 21, 2020, asserting disability discrimination and retaliation; (2) the EEOC subsequently issued him a right-to-sue letter on August 7,

2020; and (3) Hopkins filed the Complaint on October 26, 2020, which was within 90 days of receiving the right-to-sue letter, discrimination in violation of the ADA.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** the Motion to Dismiss filed by MacClellan Integrated Services, Inc. MacClellan is granted up to and including July 19, 2021 to answer the amended complaint.

**IT IS SO ORDERED.**

**DATED:**   **June 17, 2021**

**/s/ Stephen P. McGlynn**<br>
**STEPHEN P. McGLYNN**<br>
**U.S. District Judge**